IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED

DEC 2 7 2005

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

THE STATE OF ILLINOIS,           )
ex rel. LISA MADIGAN, Attorney   )
General of the State of Illinois, )
                                 )
               Plaintiff,        )
                                 )
          v.                     )     CIVIL ACTION NO.
                                 )
                                 )        05 C 50245
BFI Waste Systems of North       )
  America, Inc.;                 )
Amerock Division of Newell       )
  Operating Company (sub. Of     )
  Newell Rubbermaid, Inc.);      )
Apache Products Company (Apache  )
  Building Products);            )
The Arnold Engineering Company;  )
Beatrice Company, Wright &       )
  Wagner Dairy;                  )
Cherry Vale Shoping Center (C.V. )
  Investments), (JG Cherry Vale, )
  Ltd.), (Jacobs Realty Investors )
  Limited Partnership), (The     )
  Richard E. Jacobs Group, Inc.), )
  Jacobs Group Management Co.,   )
  Inc.);                         )
Cub Food Stores, (SuperValu, Inc., )
  f/k/a SuperValu Stores, Inc.,  )
  d/b/a Cub Foods);              )
DaimlerChrysler Corporation (f/k/a )
  Chrysler Corporation);         )
Dana Corporation, (Warner Electric )
  Clutch & Brake);               )
Dell Foods, (Kerry Inc.);        )
Enzyme Bio-Systems, Ltd.;        )
Hilander Foods;                  )
Hormel Foods Corporation, (George )
  A. Hormel & Company);          )
Illinois Water Treatment, Inc.,  )
  n/k/a Process Water Systems, Inc.;)
Invensys, PLC, including its     )

- 1 -

Subsidiary known as Invensys          )
Building Systems, Inc., and the       )
Entities known as Barber-Coleman      )
Co., and Siebe North, Inc.,           )
(North Health Care);                  )
Kmart Corporation, (K-Mart            )
Corporation);                         )
Logli Food Stores, (Schnuck           )
Markets, Inc., d/b/a Logli            )
Supermarkets);                        )
Lucky Stores, Inc., (Albertson's      )
Inc.);                                )
Marengo Disposal;                     )
Millmaster Onyx Group, L.P.;          )
Pepsi-Cola General Bottlers, Inc.;    )
Ponderosa Steak House, (Metromedia    )
Restaurant Group), (Metromedia        )
Steakhouses Company, LP);             )
Seneca Foods Corporation;             )
Sensient Technologies Corporation,    )
f/k/a Universial Foods                )
Corporation;                          )
Simon Property Group, L.P., on its    )
On behalf and for Simon Property      )
Group (Illinois), L.P.;               )
Sonoco Products Company;              )
State Line Foundries, (State Line     )
Foundries, Inc.);                     )
Sugar Tree Products,(International     )
Ingredient Corporation f/k/a          )
Sugar Tree Products);                 )
Taylor Freezer Company, (Carrier      )
Commercial Refrigeration, Inc.),      )
(Beatrice Company);                   )
Textron, Inc.,(Camcar, Greenlee       )
Tool, Ex-Cell-O Manufacturing,        )
Sems Corporation);                    )
Twin Disc, Incorporated;              )
Valspar Corporation, (McWhorter,      )
Inc.);                                )
Varco-Pruden, (SPX Corporation,       )
f/k/a United Dominion Industries,     )
Inc., d/b/a Varco-Pruden              )
Warner-Lambert Company, a wholly      )
owned subsidiary of Pfizer, Inc.;     )

Wisconsin Power and Light Company          )
  (an Alliant Energy Company);          )
W.R. Meadows, Inc.;                        )
United Technologies Corporation;           )
Ecolab, Inc.;                              )
UDL Laboratories, Inc.;                    )
Continental Envelope Corp.;                )
Atwood Mobile Products;                    )
Chemtura Corporation;                      )
Eclipse, Inc.;                             )
Atwood CTP, Inc.;                          )
Beloit Memorial Hospital;                  )
Benson Pump Company;                       )
Hondo, Inc. d/b/a Coca-Cola                )
  Bottling Co., Inc.;                    )
J.W.L. Plaza d/b/a Elgin West              )
  Truck Stop;                            )
Wisconsin Knife Works, Inc.;               )
Toys R Us;                                 )
D&M Plastics Corp.;                        )
Rockford Systems, Inc.;                    )
Pierce Biotechnology, Inc.;                )
Control Panels, Inc.;                      )
Bodycote Thermal Processing, Inc.;         )
Nelson Piping Co.;                         )
Earl Scheib, Inc.;                         )
Pacific Scientific Co.;                    )
Peterson Kruse, Inc.;                      )
Tamms Industries;                          )
The Sherwin-Williams Co.;                  )
Material Service Corporation, a            )
  General Dynamics Corporation;          )
The Goodyear Tire & Rubber Co.;            )
North American Tool Corp.;                 )
Crescent Electric Supply Co.;              )
Reliable Machine Co.;                      )
Dixon Automatic Tool, Inc.;               )
Anderson Packaging, Inc.;                  )
Rockford Ball Screw Co.;                   )
Sjostrom & Sons, Inc.;                     )
Three Hammer Construction Co.;             )
Mid-States Concrete Products Co.;          )
The Gates Corporation;                     )
Jonco Tool, Inc.;                          )
Tang Industries, Inc., on behalf          )

- 3 -

```
of Wilmar Processing and Beloit      )
  Power Systems;                     )
City of Beloit, Wisconsin;           )
Rockford School District No. 205;    )
City of Evansville, Wisconsin;       )
Village of Rockton, Illinois;        )
Village of Hampshire, Illinois;      )
City of South Beloit, Illinois;      )
Village of Orfordville, Illinois;    )
Village of Roscoe, Illinois;         )
City of Rockford, Illinois, a        )
  Municipal Corporation , including  )
  Rockford Public Library, Rockford  )
  Housing Authority, Rock River      )
  Water Reclamation District;        )
City of Genoa, Illinois;             )
Village of Footville, Wisconsin;     )
City of Harvard, Illinois;           )
Village of Machesney Park,           )
  Illinois;                          )
Village of Kingston, Illinois;       )
Raymond E. DeWane;                   )
Audrey DeWane;                       )
Benjamin Farina;                     )
Jean Farina; and                     )
LAE, Inc.,                           )
                  Defendants.        )
```

## COMPLAINT

The Plaintiff, THE STATE OF ILLINOIS, ex rel., LISA MADIGAN, Attorney General of the State of Illinois, on her own motion and at the request of the ILLINOIS ENVIRONMENTAL PROTECTION AGENCY, files this complaint and alleges as follows:

## STATEMENT OF THE CASE

1.    This is a civil action for recovery of response costs and declaratory relief, brought pursuant to the Comprehensive

- 4 -

Environmental Response, Compensation, and Liability Act

(hereafter, "CERCLA"), 42 U.S.C. 9601, et seq., and injunctive

and other relief brought pursuant to the Illinois Environmental

Protection Act (hereafter, the "State Act"), 415 ILCS 5/1, et

seq., (2004).

2.   The State of Illinois seeks a judgment directing the

Defendants to reimburse the State of Illinois for costs incurred

in response, remedial, and removal activities undertaken as a

result of the release or threatened release of hazardous

substances at the MIG/DeWane Landfill Superfund Site, Belvidere,

Boone County, Illinois.   The State of Illinois also seeks

injunctive and other relief to address the impacts resulting from

the improper disposal of wastes at the Site.

3.   Plaintiff, the State of Illinois, ex rel., Lisa

Madigan, Attorney General of the State of Illinois, is a state of

the United States, a body politic and a sovereign entity.   Lisa

Madigan is the duly elected, qualified and sworn Attorney General

of the State of Illinois, having the powers and duties prescribed

by the Illinois Constitution, Art. V., Section 15 (1970), and

having all the powers and duties of the Attorney General at

common law.   The Attorney General possesses both the statutory

and common law powers to bring this action on behalf of the State

of Illinois, its governmental agencies, and its people.

4.   The Illinois Environmental Protection Agency ("Illinois

- 5 -

EPA"), is an agency of the State of Illinois created pursuant to Section 4 of the State Act, 415 ILCS 5/4 (2004), and is charged, *inter alia*, with the duty of enforcing the State Act.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter of this action pursuant to Section 107 and 113(b) of CERCLA, 42 U.S.C. 9607 and 9613(b) of CERCLA, and 28 U.S.C. 1331, and, pursuant to 28 U.S.C. 1367, this Court has pendent jurisdiction over the claims under the State Act, 415 ILCS 5/1, et seq., (2004).

6.    Venue is proper in this District pursuant to 28 U.S.C.1391(b) and (c).

## DEFENDANTS

7.    Defendants listed in the caption are authorized to do business in the State of Illinois and are persons as defined in Section 101(21) of CERCLA, 42 U.S.C. 9601(21), and Section 3.315 of the State Act, 415 ILCS 5/3.315 (2004).

## GENERAL ALLEGATIONS

8.    The MIG/DeWane Landfill Superfund Site, also known as Boone Landfill, Bonus Landfill, or Kennedy Landfill, is located in Boone County, Illinois, approximately 0.25 miles east of the City of Belvidere and 0.5 miles north of U.S. Business Route 20 (hereinafter the "Site").

9.    The Site is located primarily in the south half of the southeastern quarter of Section 30, Township 44 North, Range 4 East. The Site is bounded on the north by the Chicago and Northwestern railroad tracks, and the Commonwealth Edison right-of-way. North of the railroad tracks is an agricultural field that extends to the Kishwaukee River. Agricultural and commercial properties are located to the east and south of the Site. A soil borrow pit, used to provide soil for the Site's interim cap, is immediately adjacent to the west of the Site. Further west of the Site is a residential housing development.

10.   The Site occupies an area of approximately 47+ acres and rises to a height of approximately 50 to 55 feet above the surrounding terrain. The Site consists of a landfill and leachate surface impoundment. The surface impoundment was constructed to receive leachate from the landfill's eastern area through a gravity flow leachate collection system. A landfill gas extraction system composed of two vents for passive gas removal had been installed on the crest of the landfill prior to the Site being abandoned in 1988.

11.   The Site operated from 1969 until 1988. The Site contains a municipal landfill that received residential, municipal, commercial and industrial wastes. The landfill is classified as a Type I landfill. A Type I landfill is a co-disposal facility where hazardous wastes were disposed of with municipal solid wastes.

- 7 -

12. From at least 1968 to 1983, the Site was owned by Mr. Raymond DeWane and Ms. Jean Farina (and, until his death, Mr. John L. DeWane). In 1983, the Site ownership was transferred to a Trust. In 1991, ownership of the Site was transferred to L.A.E., directly. At the time, Raymond E. DeWane and Jean A. Farina were the sole L.A.E. shareholders (hereinafter the "Defendant Owners").

13. From 1969 to 1988, the Site was leased by various individuals and companies, including: Mr. Jerome Kennedy, Mr. J. D. Mollendorf: Boone Landfill Inc.; Boone Disposal Co.; Bonus Landfill Co.; Rockford Disposal Service, Inc.; National Disposal Service: Browning Ferris Industries of Rockford, Inc.; Browning Ferris of Illinois; and M.I.G. Investments. During the 1969 to 1988 time period, the Site was operated as a landfill by the above listed entities (hereinafter the "Defendant Operators").

14. In February 1969, the Site was registered with the State of Illinois and disposal operations began in the area of the former gravel pit. The State of Illinois landfill permits required the placement of a five-foot compacted clay liner across the bottom of the pit.

15. During 1975, a gravitational flow leachate collection system was installed in the area that now comprises an area that approximates the eastern most 1/3 of the Site. The system was designed to allow for leachate to be collected and drained through gravitational flow into an on-site clay lined leachate collection

surface impoundment, which measured approximately 130 ft., by 130 ft., by 10 ft. deep.

16. In June 1988, a court ordered injunction was issued against M.I.G. Investments for violations of its operating permit. The Site ceased operations in June 1988. In July 1988, the Site was abandoned.

17. On August 30, 1990 the Site was placed on the National Priorities List ("NPL").

18. On October 29, 1990, U.S. EPA and Browning-Ferris Industries of Illinois, Inc. (n/k/a BFI Waste Systems of North America, Inc.) ("BFINA") agreed to an Administrative Order On Consent ("AOC-1"), pursuant to section 106(a) of CERCLA, 42 U.S.C. § 9606 (a). Under the terms of AOC-1, BFINA was required to monitor leachate levels and pump the leachate surface impoundment to allow two feet of freeboard. BFINA was also required to pay U.S. EPA's costs associated with a June 1990 removal action and oversight costs related to implementing the terms of AOC1. BFINA has fully complied with AOC1.

19. On March 29, 1991, the U.S. EPA, the Illinois EPA and certain respondents, including BFINA, agreed to an Administrative Order on Consent Re: Remedial Investigation and Feasibility Study ("AOC-2"), which required the respondents to undertake all actions to (1) fully determine the nature and effect of the potential threat to the public health, welfare or the environment caused by

the release or threatened release of hazardous substances, pollutants or contaminants from or at the Site by conducting a Remedial Investigation ("RI"), and (2) determine and evaluate alternatives for remedial action to prevent, mitigate or otherwise remedy any release or threatened release of hazardous substances, pollutants or contaminants from or at the Site by conducting a Feasibility Study ("FS"). The respondents to AOC2 have fully complied with AOC2.

20. The AOC2 respondents completed the Remedial Investigation on July 11, 1997, and the Feasibility Study on February 1, 1999.

21. Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, Illinois EPA published notice of the completion of the FS and of the proposed plan for remedial action on June 10, 17, and 24, 1999, in a major local newspaper of general circulation.

22. Illinois EPA provided an opportunity for written and oral comments from the public on the proposed plan for remedial action. A copy of the transcript of the public meeting is available to the public as part of the administrative record upon which the Illinois EPA based the selection of the response action.

23. The decision by Illinois EPA on the remedial action to be implemented at the Site is embodied in a final Record of Decision ("ROD"), executed on March 30, 2000, and concurred with by the U.S. EPA on March 31, 2000. The ROD includes a responsiveness summary to the public comments. Notice of the final plan was published in

- 10 -

accordance with Section 117(b) of CERCLA.

## FIRST CLAIM FOR RELIEF

24.   During operations at the Site, a variety of wastes and other materials were disposed of, dumped, deposited, placed, or otherwise came to be located in, on, and under the ground at the Site.

25.   These wastes and other materials include hazardous substances as defined by Section 101(14) of CERCLA, 42 U.S.C. 9601(14).   These wastes and other materials have entered or threaten to enter surface waters and the groundwater at or near the Site and, therefore, constitute the release of hazardous substances pursuant to Section 101(22) of CERCLA, 42 U.S.C. 9601(22).

26.   Section 107(a) of CERCLA, 42 U.S.C. 9607(a), provides that:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
> (1)   the owner and operator a vessel or a facility,
>
> (2)   any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3)   any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of such hazardous substances owned or possessed by such

- 11 -

person, by any other party or entity, at
any facility, * * *, owned or operated
by another party or entity and
containing such hazardous substances,

* * *

from which there is a release, or a
threatened release of a hazardous substance,
which causes the incurrence of response
costs, shall be liable for -

(A)  all costs of removal or remedial
action incurred by the United States
Government or a State not inconsistent
with the national contingency plan;

* * *

The amounts recoverable in an action under this section
shall include interest on the amounts recoverable under
subparagraphs (A) through (D). * * *.

27.  The State has incurred and will continue to incur
response costs associated with the releases and threatened
releases of hazardous substances at the Site.

28.  Defendants are responsible parties as described in
Section 107(a)(1)-(3) of CERCLA, 42 U.S.C. 9607(a)(1)-(3).

29.  The Site is part of a "facility" as defined in Section
101(9) of CERCLA, 42 U.S.C. §9601(9).

30.  Defendants are jointly and severally liable for all
past, present, and future response costs incurred by the State
resulting or arising out of these releases and threatened
releases.

31.  Defendants are jointly and severally liable for
prejudgment interest for response costs incurred by the State

- 12 -

with regard to the Site pursuant to Section 107(a) of CERCLA, 42 U.S.C. 9607(a).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, People of the State of Illinois, respectfully requests that this Court grant the following relief:

A.  Find the Defendants are jointly and severally liable for all past and present response costs incurred by the State as a result of the releases and threatened releases of hazardous substances at the Site;

B.  Find the Defendants are jointly and severally liable for prejudgment interest for response costs incurred by the State with regard to the Site pursuant to Section 107(a) of CERCLA, 42 U.S.C. 9607(a); and

C.  Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. 9613(g)(2), enter a declaratory judgment finding Defendants jointly and severally liable for all future response costs to be incurred by the State as a result of the releases and threatened releases of hazardous substances at the Site; and

D.  Grant such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

32.  This Claim is brought in the name of and on behalf of the People of the State of Illinois, by Lisa Madigan, the Attorney General of the State of Illinois, on her own motion and at the request of the Illinois EPA pursuant to Sections 42(d) and

- 13 -

(e) of the State Act, 415 ILCS 5/42(d) and (e) (2004).

33.   Section 12 of the State Act, 415 ILCS 5/12 (2004),

provides, in pertinent part, as follows:

> No person shall:
>
> a.   Cause or threaten or allow the discharge of
>      any contaminants into the environment in any
>      State so as to cause or tend to cause water
>      pollution in Illinois, either alone or in
>      combination with matter from other sources,
>      or so as to violate regulations or standards
>      adopted by the Pollution Control Board under
>      this State Act.
>
> * * *
>
> d.   Deposit any contaminants upon the land in
>      such place and manner so as to create a water
>      pollution hazard.
>
> * * *

34.   Section 3.165 of the State Act, 415 ILCS 5/3.165

(2004), contains the following definition:

"CONTAMINANT" is any solid, liquid, or gaseous matter, any
odor or any form of energy, from whatever source.

35.   Section 3.545 of the State Act, 415 ILCS 5/3.545

(2004), contains the following definition:

> "WATER POLLUTION" is such alteration of the
> physical, thermal, chemical, biological, or
> radioactive properties of any waters of the State,
> or such discharge of any contaminant into any
> waters of the State, as will or is likely to
> create a nuisance or render such water harmful or
> detrimental or injurious to public health, safety
> or welfare, or to domestic, commercial,
> industrial, agricultural, recreational, or other
> legitimate uses, or to livestock, wild animals,
> birds, fish, or other aquatic life.

- 14 -

36. Section 3.550 of the State Act, 415 ILCS 5/3.550 (2004), contains the following definition:

> "WATERS" means all accumulations of water, surface and underground, natural, and artificial, public and private, or parts thereof, which are wholly or partially within, flow through, or border upon this State.

37. All waterways within the State, including rivers, creeks, tributaries, ponds, marshes, sloughs, and drainage ditches and the groundwater are each "waters" of the State as that term is defined in Section 3.550 of the State Act, 415 ILCS 3.550 (2004).

38. During and after operations at the Site, a variety of wastes and other materials were disposed of, dumped, deposited, placed, or otherwise came to be located in, on, and under the ground at the Site.

39. These wastes and other materials are each a "contaminant" as that term is defined in Section 3.165 of the State Act, 415 ILCS 5/3.165 (2004), and these contaminants have entered waters of the State including surface waters and the groundwater.

40. By causing or allowing the release of contaminants from the Site into waters of the State, Defendant Owners and/or Operators have, in each instance, caused or allowed water pollution and, therefore, has violated Section 12(a) of the State Act, 415 ILCS 5/12(a) (2004).

- 15 -

41. By causing or allowing the deposit of contaminants upon, in, and under the ground at the Site in a manner that threatens further releases of contaminants into waters of the State, Defendant Owners and/or Operators have created a continuing water pollution hazard and, therefore, have violated Section 12(d) of the State Act, 415 ILCS 5/12(d) (2004).

42. These violations will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, People of the State of Illinois, respectfully requests that this Court grant the following relief:

A. Find that the Defendant Owners and/or Operators have violated Section 12(a) and (d) of the State Act, 415 ILCS 5/12(a) and (d) (2004);

B. Enjoin the Defendant Owners and/or Operators to cease and desist from further violations of the State Act, 415 ILCS 5/1, et seq., and regulations promulgated thereunder;

C. Pursuant to Section 42(a) of the State Act, 415 ILCS 5/42(a) (2004), impose upon the Defendant Owners and/or Operators a monetary penalty of not more than the statutory maximum;

D. Pursuant to Section 42(f) of the State Act, 415 ILCS 5/42(f) (2004), award the Plaintiff its costs in this matter, including reasonable attorneys' fees and expert witness costs; and

E.    Grant such other and further relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

43.    This Claim is brought in the name of and on behalf of the People of the State of Illinois, by Lisa Madigan, the Attorney General of the State of Illinois, on her own motion and at the request of the Illinois EPA pursuant to Sections 42(d) and (e) of the State Act, 415 ILCS 5/42(d) and (e) (2004).

44.    Section 21 of the State Act, 415 ILCS 5/21 (2004), provides that:

No person shall:

*  *  *

d.    Conduct any waste-storage, waste treatment, or waste-disposal operation:

*  *  *

2.    in violation of any regulations or standards adopted by the Board under this Act;

*  *  *

45.    During and after operations at the Site, a variety of wastes and other materials were disposed of, dumped, deposited, placed, or otherwise came to be located in, on, and under the ground at the Site.  These wastes and other materials have entered or threaten to enter surface waters and the groundwater at or near the Site.

46.    Defendant Owners and/or Operators did not operate those waste-disposal units in the manner required by the regulations

- 17 -

adopted by the Board under the Act, including, but not limited to, 35 Ill. Adm Code 807.313 and 807.315, thereby violating Section 21(d)(2) of the State Act, 415 ILCS 5/21(d)(2) (2004).

47.  Defendant Owners and/or Operators did not perform closure of those waste-disposal units in the manner required by the regulations adopted by the Board under the Act, including, but not limited to, 35 Ill. Adm Code 807.318 and 807.501-807.524, thereby violating Section 21(d)(2) of the State Act, 415 ILCS 5/21(d)(2) (2004).

48.  These violations will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, People of the State of Illinois, respectfully requests that this Court grant the following relief:

A.  Find that the Defendant Owners and/or Operators have violated Section 21(d)(2) of the State Act, 415 ILCS 5/21(d)(2) (2004);

B.  Enjoin the Defendant Owners and/or Operators to cease and desist from further violations of the State Act, 415 ILCS 5/1, et seq., and regulations promulgated thereunder;

C.  Pursuant to Section 42(a) of the State Act, 415 ILCS 5/42(a) (2004), impose upon the Defendant Owners and/or Operators a monetary penalty of not more than the statutory maximum;

D.  Pursuant to Section 42(f) of the State Act, 415 ILCS

5/42(f) (2004), award the Plaintiff its costs in this matter,

including reasonable attorneys' fees and expert witness costs;

and

     E.    Grant such other and further relief as the Court deems

appropriate.

                    Respectfully submitted,

                    PEOPLE OF THE STATE
                    OF ILLINOIS,

                    LISA MADIGAN,
                    Attorney General of the
                    State of Illinois,

                    MATTHEW J. DUNN, Chief
                    Environmental Enforcement /Asbestos
                          Litigation Division

                    BY: _____
                      ROSEMARIE CAZEAU, Chief
                      Environmental Bureau
                    Assistant Attorney General

Of Counsel

Gerald T. Karr
Senior Assistant Attorney General
188 West Randolph Street
20th Floor
Chicago, Illinois 60601
(312) 814-3369
e-mail: gkarr@atg.state.il.us

- 19 -